IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MCDONALD'S CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DILL OIL COMPANY, LLC, )<br>)<br>Defendant. ) | Case No. CIV-20-1306-SLP |

**O R D E R**

Before the Court is McDonald's Corporation's Motion to Dismiss Defendant's Counterclaim Pursuant to Rule 12(b)(6) [Doc. No. 25].  The matter is fully briefed.  *See* Def.'s Resp. [Doc. No. 30] and Pl.'s Reply [Doc. No. 31].  For the reasons set forth, the Motion is GRANTED.

**I.    Introduction**

Plaintiff, McDonald's Corporation (McDonald's), filed this action alleging that Defendant, Dill Oil Company, LLC (Dill Oil), has breached five separate lease agreements (collectively, the Lease Agreements).  Dill Oil's breach is premised on payment obligations under the Lease Agreements.  McDonald's alleges Dill Oil has "fail[ed] to pay the full amount of Rent, its share of the annual real estate taxes, and its share of Site Operating Expenses."  Compl. [Doc. No. 1], ¶ 18.

Dill Oil has asserted four counterclaims against McDonald's.  *See* Counterclaims [Doc. No. 15] at 3-8.  Dill Oil's counterclaim for declaratory judgment (Count I) is essentially a reassertion of it's Motion to Compel Dispute Resolution Process [Doc. No.

14]. The Court previously denied Dill Oil's Motion. *See* Order [Doc. No. 34]. Thus, the claim for declaratory relief is moot and the Court's analysis is limited to whether dismissal of the remaining three counterclaims is proper: (2) breach of executed oral agreement/quasi contract (Count II); (3) unjust enrichment (Count III); and (4) right to offset (Count IV). McDonald's argues these equitable claims are barred by the terms of the Lease Agreements. McDonald's further argues the claims are barred by the applicable statute of limitations.

## II.  Analysis

The parties agree that Dill Oil's counterclaims for breach of oral agreement/quasi contract, unjust enrichment and set-off are equitable in nature. McDonald's contends these claims are precluded because the Lease Agreements govern the parties' relationship and, therefore, a legal remedy exists.

In response, Dill Oil argues the relief it seeks is not governed by the Lease Agreements. Dill Oil contends McDonald's orally promised to lower rents if Dill Oil made substantial improvements; Dill Oil made the improvements in reliance on those promises; but McDonald's did not reduce rent.[1] Dill Oil further argues it is entitled to plead alternative theories of recovery.

---

[1] According to Dill Oil, Danny Dill, one of its members "met with McDonald's and discussed the nature and condition of the leased premises and the need for substantial capital improvements to the properties for them to be competitive in the market." Counterclaim, ¶ 8. Dill Oil alleges that McDonald's "represented, assured and agreed that if Dill Oil actually made the necessary improvements to the leased premises, McDonald's would reduce the rents." *Id.*, ¶ 9. Dill Oil further alleges that in reliance on McDonald's representations and assurances of rent reductions in exchange for capital improvements, Dill Oil made "significant" capital improvements, the cost of which exceeded $750,000.00. *Id*., ¶ 10.

2

Generally, equitable remedies are not available when an adequate remedy at law exists, such as "when an express enforceable contract regulates the relations of the parties with respect to the disputed issue." *Member Servs. Life Ins. Co. v. Am. Nat. Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997); *Parrish v. Arvest Bank*, 717 F. App'x 756, 765 (10th Cir. 2017) ("quasi-contractual remedies . . . are not to be created when an express contract regulates the relations of the parties with respect to the disputed issue"); *see also Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1022 (Okla. 2013) ("The long-standing rule in Oklahoma is that a plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law.").

Dill Oil does not dispute that it is contractually bound by the Lease Agreements at issue in this litigation. The Lease Agreements include express provisions governing the parties' relationship with respect to the subject property and specifically, the rental obligations associated therewith. Further, the Lease Agreements preclude oral amendments. *See, e.g.,* Lease Agreement [Doc. No. 26-1] at pp. 42, 43. As a matter of law, therefore, Dill Oil's equitable claims necessarily fail. *See, e.g., Sisemore v. Dolgencorp LLC*, 212 F.Supp.3d 1106, 1112 (N.D. Okla. 2016) (rejecting theory of alternative pleading with regard to an unjust enrichment claim in the face of an express agreement). Because the Court finds dismissal of Dill Oil's counterclaims is proper on this basis, the Court need not further address McDonald's statute of limitations defense.

### III.  Conclusion

IT IS THEREFORE ORDERED that McDonald's Corporation's Motion to Dismiss Defendant's Counterclaim Pursuant to Rule 12(b)(6) [Doc. No. 25] is GRANTED.

IT IS SO ORDERED this 30th day of September, 2021.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE